# Germanton *v.* Shafer, Appellant.

*Negligence—Master and servant—Dangerous appliance—Notice to master—Promise to repair.*

A workman who is injured by the fall of a drill bar of a well-drilling machine, from which the guard had been recently removed, may recover damages from his employer, if it appears that the latter's attention had been called to the defect, that he had promised to correct it promptly, that the employee relying on his promise, and not knowing the absence of the guard, as it was not apparent, continued to use the machine, and was injured.

Argued Dec. 7, 1916. Appeal, No. 280, Oct. T., 1916, by defendant, from Judgment of C. P. Northampton Co., June T., 1915, No. 34, on verdict for plaintiff in case of Adam C. Germanton v. Howard S. Shafer. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for plaintiff. Subsequently a motion for judgment n. o. v. was overruled, STEWART, P. J., filing the following opinion:

The argument and brief involved but one proposition, that we should have affirmed defendant's last point, and directed the jury to return a verdict in his favor on the ground that the plaintiff was guilty of contributory negligence. The sole question is, was plaintiff's contributory negligence a question for the jury, or to be declared as a matter of law by the court? We have been helped by the references to authorities contained in the briefs of counsel on both sides of this case. After a careful examination of the authorities we think that the question involved was for the jury. The position of the learned counsel for the defendant is that, conceding the plaintiff followed the orders of Spengler, yet nevertheless the method of carrying out the orders was the plaintiff's,

and that the orders would not excuse the plaintiff's following a method which was obviously dangerous. If the charge is examined, it will be seen that we not only charged the jury to that effect, but that we called their particular attention to the element of warning which Spengler testified he had given the plaintiff at the place where they had worked before. It will also be seen that the defendant's position was well stated in his third, fourth and fifth points, all of which we affirmed. It is a mistake to assume just what the plaintiff's position was at the time of the accident. The boss, Spengler, did not deny that he had ordered the plaintiff to guide or steady this tool as it was going up in the air. When the tool was just leaving the ground, it would require one position. As it was going up in the air, it would require a different position. The different witnesses testified to his different positions. One testified that he had both feet on the wheel, another that he had one foot on the wheel. The different witnesses varied as to the different amount of force which he used. The plaintiff himself said that he took ahold of the drill bar, and as it was raised to a certain height, it dropped very sudden, and his hand was caught; that he had both hands ahold of it, and that it was between five and seven feet from the ground at the time it fell. The witness indicated that he had his arm stretched up holding it, and that one foot was against the wheel to keep the tool from hitting the machine. It is very plain that the height of the tool and the degree of force were very pertinent questions, and only a jury could decide them. This appeared upon the cross-examination by the learned counsel for the defendant. No court could say that his method was an obviously dangerous one. Our charge was in strict line with Solt v. Williamsport Radiator Co., 231 Pa. St. 585. In that case Mr. Justice MOSCHZISKER quotes with approval, the following: "Where two ways of discharging the service are apparent to an employee, one dangerous and the other safe or reasonably so, the employee must select

the latter, whether or not it is the less convenient to him; and if he chooses the former, and the danger is such that a reasonably prudent man would not incur the risk under the same circumstances, he is guilty of such negligence as will bar a recovery, although the master may also have been negligent": 20 Am. & Eng. Ency. of Law (2d Ed.), 146. In Fortney v. Breon, 245 Pa. St. 47, the same judge said on page 51: "The rule in the Solt case cannot be applied by a trial judge as a governing principle of law that requires a nonsuit or binding instructions for the defendant, unless the evidence not only demonstrates that the plaintiff was performing work in a way which was obviously dangerous, when another reasonably safe way was known to him, but it also must show that this other way was clearly and readily available and such as the ordinarily prudent man would have adopted under similar circumstances; and it is far from plain that this was the condition in the present case. Where one is charged with contributory negligence in doing work in an obviously dangerous manner when a safe way was open to him, unless the manner of performance was so unusual and clearly careless that no two minds could reasonably disagree as to the alleged negligence," etc. It would be impossible for us to declare as a matter of law, that every mind would agree that this was a dangerous method of steadying the bar, when there is so much disagreement as to how plaintiff performed the work. We have examined all the cases cited by the learned counsel for the defendant in support of his position. In our judgment they are entirely different from the facts of the present case. In the present case, unless you presuppose that the entire method of raising this drill was dangerous, there is no proof that there was a safer method of steadying the drill. Spengler was admittedly the boss. It was the plaintiff's duty to obey. His duty is defined in a large number of cases which are cited on page 593 of Hartman v. Reading Wood Pulley Co., 38 Pa. Superior Ct. 587. See also Franczak v. Naz-

178    GERMANTON *v.* SHAFER, Appellant.

[66 Pa. Superior Ct.

areth Cement Co., 42 Pa. Superior Ct. 263; Maines v. Harbison-Walker Co., 213 Pa. 145; Foster v. National Steel Co., 216 Pa. 279; Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Pfeifer v. Allegheny Steel Co., 243 Pa. 256. In conclusion we think that the general rule stated in many of the cases, applies to the present case, as follows: "The question of contributory negligence cannot be treated as one of law, unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury. In an action to recover damages for personal injuries the burden is on the plaintiff to prove negligence on the part of the defendant, and that this negligence caused the injury. He is not bound to go further and prove that he did not contribute to the result by his own negligence; that burden is on the defendant, unless the evidence adduced by plaintiff discloses contributory negligence." Coolbroth v. Pennsylvania R. R. Co., 209 Pa. 433. See also Davidson v. Lake Shore, Etc., Railway Co., 171 Pa. 522; Gray v. Penna. Railroad Co., 172 Pa. 383.

And now, July 10, 1916, motion for judgment non obstante veredicto is refused, and rule discharged, and judgment is directed to be entered on the verdict in favor of the plaintiff upon the payment of the jury fee, and the evidence taken upon the trial, is certified and filed and made part of the record.

*Error assigned* was in overruling motion for judgment for plaintiff n. o. v.

*H. A. Hillyer,* with him *W. G. Wright,* for appellant, cited: Solt v. Williamsport Radiator Co., 231 Pa. 585; Kephart v. Carbon Steel Co., 252 Pa. 417.

*Charles P. Maxwell,* with him *Wm. H. Kirkpatrick,* for appellee.—Plaintiff, as a matter of law, did not assume the risk of injury incident to the absence of the rope-guard, in continuing in his employment after the

promise, or promises above-mentioned that the defect would be remedied: Hartman v. Reading W. Pulley Co., 38 Pa. Superior Ct. 587; Wilbert v. Weicht, 62 Super. 363; Pfeifer v. Allegheny Steel Co., 243 Pa. 256; Eldridge v. Feil Mfg. Co., 240 Pa. 321; Meade v. Pittsburgh Rys. Co., 223 Pa. 145; Foster v. Natl. Steel Co., 216 Pa. 279; Houston v. Budke Stamping Co., 38 Super. 93.

OPINION BY ORLADY, P. J., March 16, 1917:

It appears by the uncontradicted evidence in the case, that the plaintiff's injuries were caused by the fall of a drill bar (an appliance of a well-drilling machine), which fall was induced by the slipping of a rope working in a sheave wheel on the top of a mast, and that this wheel, at the time of the accident, was not properly protected by a guard.

It is conceded that some protection was necessary to prevent the rope leaving the sheave wheel, and that such protection had previously been given, but for some reason it had not been in use for a short time prior to the accident. The defendant's attention was called to this manifestly defective appliance, when he assured the plaintiff that it would be promptly corrected, but the plaintiff did not know of the absence of the rope guard at the time of the accident. It was not in view, so as to be an apparent defect, and under the direction of the defendant the plaintiff continued to use the machine in the belief that the defect had been remedied.

In an opinion filed by the trial judge, the testimony was very carefully analyzed, and the pertinent authorities applied to the undisputed facts. After a careful examination of the whole record we are satisfied that the conclusion reached by the court below was correct, and for the reasons given the judgment is affirmed.